MILTON L. WILLETTS

*v.*

HARRIET WILLETTS.

*Filed at Ottawa September 27, 1882.*

1. RESCINDING CONTRACT—*undue influence—duress—as between husband and wife.* A wife was induced to execute and accept deeds and other contracts, whereby the husband leased her a house and lot worth $400 for her life, and obligated himself to pay her $300 a year and deliver her five cords of wood a year, and she released her dower in his lands and estate, her right in the homestead, and all other rights growing out of her relation to him as his wife, and she executed and accepted the same under such circumstances as to show her acts were affected by the undue influence of her husband, amounting to a moral duress, considering her mental condition from sickness and unkind treatment. It was *held,* a court of equity would be fully warranted in setting aside such contract, and other papers relating thereto.

2. SEPARATE MAINTENANCE—*when granted.* Where a husband mistreats his wife, so that she can not live with him, and keeps another woman in the same house with her, under such circumstances as to justify her belief of an improper intimacy between them, and refuses to live with her any longer as his wife for an alleged want of congeniality, and finds her another place in which to live, keeping such other woman as an inmate of his house, and otherwise mistreats his wife, the court will be authorized in decreeing the wife a separate maintenance.

3. SAME—*of the amount.* Where the husband, who is a farmer, owns property, mostly real estate, of the value of $30,000, and is guilty of such misconduct as to authorize his wife to have a separate maintenance, $500 allowance per annum is not unreasonable.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

This was a bill in chancery, brought by Harriet Willetts, against Milton L. Willetts, in the Mercer circuit court, to cancel an agreement to provide separate maintenance for the complainant, a mortgage to secure the same, a lease to her for life, and a release by her of her.dower in the estate of the defendant, her husband, made and entered into on July 5, 1880, and then provide separate maintenance other and different from that provided in the agreement.

The bill, after stating the marriage and good conduct of the complainant, charged in substance that the defendant is a spiritualist, and in March, 1880, one Piney Willard, a pretended medium, came and made mischief; that defendant had a bad hand, and refused to let any one else than Mrs. Willard treat it, and generally took a dislike to his wife; that the spirit of his first wife was conjured up, and made to say that complainant and defendant must separate; that thereupon complainant became sick, and remained so a long time, by reason of the destroying of her domestic happiness, and was driven to distraction, and could not recollect what happened fully, but had a faint recollection of some one coming to the house and talking about dividing the property, and that she refused to be parted from her husband, or to make any arrangement; that some days after some one took her to the city of New Boston; that just before she had been locked in her room; that when she went to New Boston she felt as if she was fleeing from some unseen power; that she was taken to the house of a friend, where she was shown a paper which she was told she must sign; thinks she signed it, but don't know what was in it, and does not know whether it was read to her or not; that she is informed that her husband, on July 5, 1880, executed to her a mortgage, by which

he secured to her $300 a year, payable half-yearly, but that she knows nothing about it; that it was never delivered to her, or any one for her, and no agreement was given to her by her husband, promising to pay her any money; that she has recovered her mind and memory to some extent, and finds herself dependent upon the kindness of friends; that all these papers were made to enable defendant to go away with Mrs. Piney Willard; that she did not consent to the arrangement of separate living and maintenance, and does not now; that Willetts is worth $27,000, and a large amount of personal property; that whatever paper she signed she signed under duress, and that the lawyer who prepared the papers was employed by Willetts. The prayer of the bill was, that the writings be declared void, and she be decreed a reasonable sum for separate maintenance.

The release sought to be set aside recited, that in consideration that said Milton L. Willetts had furnished her with a home, well and comfortably furnished, and bound himself to pay her $300 per annum during her life, and five cords of wood yearly, she had granted, remised, released and forever quitclaimed unto said Willetts, his heirs and assigns forever, all her dower and thirds, right of homestead, widow's award, claim for separate maintenance, and all other right, title, interest, property, claim and demand whatsoever in law and equity she might then or thereafter have in the property, both real and personal, of the said Willetts, as his wife or widow, etc.

The defendant, in his answer, said that his wife was not kind or affectionate, but unreasonable, turbulent and quarrelsome, of bad temper and abusive conduct, and that there had been no happiness in their home for years; denied that his wife was crazy, sick, or driven to distraction, but was in a mental condition to transact business; that she talked for many weeks about separation and dividing the property, and his making provision for her if she went away and lived

separate; that the agreement for living apart, and her separate maintenance, and the other papers, were read over and explained to her carefully, and she knowingly and voluntarily executed the same.

The evidence showed considerable domestic trouble between the parties, and that the defendant's affections were alienated from his wife for some time before their final separation. It also appeared that the wife's health was not good, and that she was very excitable, and at times not capable of transacting business; that some time before the papers were executed between the parties she was taken sick, from which sickness she did not recover until after the agreement was made. The proof also tended to show considerable influence brought to bear on her by the defendant before the papers were executed, and that he shut her up in his house for a while, and did not allow her to see any one, and frequently told her that he would not live with her as her husband any longer, as she was not congenial to him, and urged her to make up her mind what she wanted or was going to do. The proof also showed such conduct between the defendant and Mrs. Willard as to lead to the belief of an improper intimacy between them, and that he took her to live with him after the separation. It also appeared that the defendant was a farmer in good circumstances, and that his property, mostly real estate, was worth from $25,000 to $30,000.

The circuit court granted the relief sought, setting aside all the papers relating to the contract for the separate maintenance of the wife, and her release of her rights in his property and estate, and granted a decree of separate maintenance, requiring the defendant to pay her $500 per year for that purpose. This decree was affirmed in the Appellate Court, and an appeal prosecuted to this court.

Messrs. PEPPER & WILSON, for the appellant.

Messrs. HOLMES & McBRIDE, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

The record in this case has been examined and considered with care. We are of opinion that no cause is found requiring that the decree of the circuit court should be disturbed. The deeds and contracts and other papers, which are set aside by the decree of the circuit court, were executed and accepted by Mrs. Willetts under such circumstances that we think the court was fully warranted in the conclusion that her acts were so far affected by the undue influence of her husband that she has a right to have the same set aside. This being done, the allowance decreed to her as a separate support we think is not unreasonable.

The judgment of the Appellate Court affirming that decree we think was right, and the same is therefore affirmed.

*Judgment affirmed.*